Filed 10/20/21  P. v. Fiske CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

---

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

---

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C093247 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF20-00935 & CRF20-01177) |
| v. | |
| JAMES MATTHEW FISKE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Matthew Fiske asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In Yuba County Superior Court, case No. CRF20-00935 (case No. 935), defendant killed C.W.'s dog. Defendant then threatened to kill C.W., if she contacted law enforcement.

In Yuba County Superior Court, case No. CRF20-01177 (case No. 1177), Yuba County Sheriff's deputies "contacted" defendant, a felon. The deputies searched defendant and found a firearm and ammunition on his person.

The People charged defendant in case No. 935 with making criminal threats and cruelty to animals. In case No. 1177, the People charged defendant with numerous criminal offenses, including possession of a firearm by a felon.

Defendant pleaded no contest to both charges in case No. 935 and to possession of a firearm by a felon in case No. 1177, with no agreement for a particular sentence. In exchange, the People moved to dismiss the remaining charges.

At sentencing, the trial court found this was not an unusual case, and found defendant was a "threat to the community." Accordingly, the trial court refused defendant's request for probation and sentenced him to an aggregate term of four years four months in state prison. The court awarded defendant 321 days of custody credit in case No. 1177 and another eight days of custody credit in case No. 935. The trial court ordered defendant to pay various fines and fees and reserved jurisdiction on the issue of restitution.

Defendant timely appealed. He did not obtain a certificate of probable cause.

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, but to date has not done so.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors favorable to defendant.

2

DISPOSITION

The judgment is affirmed.


                                                    /s/
                                            HOCH, J.



We concur:



 /s/
MAURO, Acting P. J.



 /s/
MURRAY, J.